Saunders-El v. Rohde, Officer Rohde. Mr. Kamen. As your honors are aware, this case involves two sides, or two parts really. The civil rights, or civil procedure and then civil rights. And first the motion for summary judgment, there was a, there never was a motion to dismiss filed and then basically the summary judgment was a motion to dismiss. And the ruling of the trial judge was on a, treated the motion as a summary judgment. Counsel, your brief left me in some doubt about exactly what your arguments are, so I have a couple of questions just to make sure I understand what you're arguing. Are you arguing that the defendants violated the Fourth Amendment? No, your honor, we're arguing this as an unfair trial claim. Well, there's no excessive force claim under the Fourth Amendment, right? No excessive force, that's time barred. Are you making an argument based on Brady against Maryland? We are, your honor. Okay, could you articulate that argument for me? We can, the, there, now when the, the, the blood was planted, I mean that's an, that's active, the blood was planted, that's fabricating evidence, but then the defendant, that, that was hidden from the prosecutors. And the fact that one of the defendants, Officer Rohde, actually went up on the roof along with the detective whose job it was to process the crime scene and, quote unquote, discovered the blood there.  That was withheld from the defendant, and that's the basis of our Brady claim. And because there was never a motion to dismiss filed, that was never sort of requested. We were never requested to reveal that fact earlier in the case. And that, so I think, I think that that's why there was vagueness. And suddenly the, the other side never addressed those issues, and the judge just kind of invented facts, I guess. That's what he was trying to do. And said, well, hey, based on the facts that I think would, that should have been raised by the defendant, then I'm, I'm granting this summary judgment. So we think that as a matter of civil procedure, that just was completely improper. There, there wasn't, we didn't know whether, there wasn't any motion to dismiss. Okay, could you, one, one more thing, if you will, on the, the Brady claim. What's the theory of damages on the Brady claim? Is it that if the defendants had told the prosecutors that this was a case of planted evidence, the prosecutors would have dismissed the case before trial? Yes, it is. That's the theory. The injury is what happened after the prosecutors did not dismiss. Yes. Okay. Yes, and then we believe that there was a, at that point there was a liberty deprivation because he went to trial, he was put in jail. Going to trial doesn't deprive somebody of liberty. Right, it was. Going to jail deprives somebody of liberty. I understand, Your Honor. He, he went to jail, he had to go to jail. He had to, he, he got out on bond, but then there were conditions of bond, which under Illinois law is, is still being in custody. And it really doesn't, whether you're, you're in a brown uniform or you're, you're in a blue uniform, I mean you're deprived of liberty. So he was deprived of liberty. There, but that was never requested, that was never addressed. The, the other side didn't address it. It, it was never, I mean there, there just really wasn't anything except the judge making this ruling and our appealing the matter to Your Honors. I, I, I, I, I really don't know what else to say on this. If, I mean, if, if Your Honors have other questions, I certainly would answer them. Otherwise, I just would request that you reverse this and remand this. Thank you. Mr. Magbana. Good morning, Your Honors, and may it please this Court. I am Ife-Aye Magbana, and I represent the defendants who respectfully request that this Court affirm the District Court's grant of summary judgment. The defendants ask for two reasons. First, plaintiff failed to make the necessary evidentiary showing to survive defendant's motion for summary judgment. And second, the District Court's grant of summary judgment was an appropriate application of this Court's decision in Newsom v. McCabe and its progeny. Defendants filed summary judgment motion and pointed to the fact that plaintiff failed to articulate or provide evidence that points to personal liability, a requirement on the 1983 litigation to tie in these defendants with the injury suffered by the plaintiff. Plaintiff did not return with affirmative evidence that reverts that particular claim. This is an element that the plaintiff has a burden of carrying at a future trial. The U.S. Supreme Court in Isiltex articulated the position, and this Court continued and has applied consistently, specifically in Lewis and Halstrom v. Fort Wayne, that if a non-moving party fails to make a sufficient showing on an element of a case which he has a burden at a future trial, that the moving party is entitled to judgment as a matter of law. And it renders all the other facts immaterial. Plaintiff makes heavy weather of the fact that there are, according to him, genuine issues of material fact. But the Supreme Court articulated two ways, two routes to summary judgment, if you may. One, if there's a genuine issue of material fact. And second, if it's a complete failure of proof, and that's what we have here. The point at which defendants filed their motion for summary judgment, the case was on the route to trial. The fact discovery cutoff was passed, and the defendants pointed to this lack of proof, this lack of evidence. And in response, the only thing that the plaintiff had was an affidavit which he signed himself, basically articulating those allegations that he made in his complaint. And what's wrong with that? Why is that not enough? The claim, I didn't do it and they planted the evidence, is certainly evidence. Your Honor, it goes to the first arm of Silotex, and I can see that it goes to that. And if this were a motion to, if defendant's motion were a motion to dismiss, that would have maybe possibly gotten him to the next level where he's allowed to. You don't need any evidence in response to a motion to dismiss. You need only allegations. And it's pretty well established in this circuit that the plaintiff's affidavit, if made on personal knowledge, is sufficient to get a case to trial. In what way was this affidavit inadequate? We believe it's a position that's inadequate because this was a motion, we filed a motion for summary judgment. Yes. The motion for summary judgment has to be met with evidence. An affidavit is evidence. So in what way was the affidavit insufficient? It's insufficient because the contents, the information contained in the affidavit, does not reflect plaintiff's personal knowledge. It's just his allegations. There's no knowledge. There's no occurrence information. He claims he passed out at some point. He claims that these two officers went there and fabricated this evidence. And they're just allegations. He was not there. It doesn't appear to be based on anybody else's knowledge. It's not hearsay. It's not repeating what other people told him. That is correct, Your Honor. However, we raise the issue of this particular issue as to summary judgment, as to failure to produce proof because plaintiff brought it off on appeal. The reason that the court below made the decision that it did was in line with this court's established principle from Newsom and McCabe and its progeny. The court correctly applied that decision in stating that the existence of the state-taught claim for malicious prosecution knocks out a plaintiff's federal claim. And plaintiff does not go around that. He's unable to establish any post-conviction. It knocks out a claim for malicious prosecution, but does not knock out a Fourth Amendment claim. It turns out nothing is being made. Or a Brady claim. And Mr. Kamen clarified that he's making a Brady argument. Indeed, I've looked at his response in the district court to the motion for summary judgment. It relies on Brady. And the only reason the district court gave for rejecting a Brady claim is the district court's statement that all the evidence was inculpatory. But that's simply not true. If, indeed, as plaintiff alleges, the officers made all this up, that's exculpatory evidence. That's correct. So the district court's stated reason is not tenable. That leaves, I think, only the possibility that no Brady claim has really been preserved or the possibility, you're arguing now, that the plaintiff's affidavit was not based on personal knowledge. Well, Your Honor, as to plaintiff's Brady claim, the plaintiff did not address the various elements in order to establish his Brady claim. It's a position that he's unable to. His bare allegations does not clearly state a Brady claim. He claims that evidence was suppressed, and he does not. If you think he wasn't making a Brady claim, in what respect was the document that he filed in the district court in response to your motion for summary judgment inadequate to make a Brady claim? As to the three elements, we believe that he does not articulate the prejudice that's necessary to make a Brady claim. And this circuit has not, we spent time in research. It certainly didn't take very long for Mr. Kamen to articulate the injury on his feet today. And I'm looking at his document. It says the defendant's not sharing said exculpatory information. It's a constitutional violation. See Brady. The specific claim, and then it goes on. Unfortunately, he didn't paginate his response. So I can't cite what page number it is. There aren't page numbers on any of these pages. But there's the language, and so on. It says so on plaintiff's brief. However, we follow this court's precedence in Alexander and Cavaillat and Dominguez, which this circuit has said that an acquitted plaintiff in a criminal case expressed serious doubt whether such a plaintiff could make out the necessary prejudice for Brady. And that's what we rely on in saying that he fails even to make out a Brady claim. He was acquitted at the end of his jury trial. Alexander establishes the proposition that there is no federal right not to be tried. The federal right is not to lose liberty. So our plaintiff says he was in jail for some of the time and he was out on bond for some of the time. And the conditions of bond are a form of loss of liberty. Is there a legal problem with that argument that would make his claim legally defective? Your Honor, plaintiff does we did not identify legal precedent to support that the fact that plaintiff failed was not convicted, did not have any post-conviction deprivation, satisfies the necessary prejudice for Brady. In Alexander and in Whitlock, this court articulated that in those cases there were post-conviction deprivation. And that's where we put our argument and that's a position. That in the absence of this post-conviction deprivation, that plaintiff is unable to make out a Brady claim. We believe that although the district court did not articulate, did not establish that particular argument or that particular reasoning in its grant of summary judgment, we believe that the lack of this post-conviction deprivation extinguishes plaintiff's ability to go ahead and proceed with a Brady claim. If there are no other questions, we ask that you affirm the district court. Thank you. Thank you, Mr. Navarro. Mr. Kane. I'm very sorry about the pagination. I did set out the prejudice. There's one additional factor. I didn't think about it when I was writing this. The plaintiff also was previously wrongfully convicted and spent 15 years in prison and had to go under psychological treatment. And then they found that he suffered from post-traumatic stress disorder as a result of that and then having to suffer this again. DNA actually in both cases showed that he didn't do it. But that's a totally separate case. Let me tell you my problem. I've been thinking more about the damages theory. The Supreme Court has said that Brady is a trial right. It's not a right to pretrial disclosure. And if that's so, how could it be a violation of Brady not to disclose information before trial in a way that would get the prosecutor to dismiss the charge before trial? If it's only a right to disclosure at trial and your client has been acquitted, how could there be any substantive Brady claim? If the police had revealed this evidence to prosecutors, then presumably they would have undertaken their Brady duty. That's what I'm saying. The duty under Brady is to disclose information to the accused at trial, not to disclose earlier. That's why I'm asking how it can be a violation of Brady for the police not to tell the prosecutor enough in advance of trial for the prosecutor to dismiss the case. Brady occurs pretrial. You get the discovery pretrial. No, that's not Brady. Brady requires the disclosure at trial. About ten years ago, the Ninth Circuit held that Brady required disclosure before trial. It got reversed nine to nothing. It's a trial right. It is not a discovery right. I think that's a serious problem here. Under Illinois law, you're required to give discovery before the trial. Illinois, in this case, can have any discovery rules it wants. The failure to comply with state law discovery rules is a violation of state law. It's not a violation of the U.S. Constitution. Then that would be the same thing. At any point, whether you're now processing the case or you're dismissing it before trial, as soon as this information is turned over to the prosecutors, they're going to react accordingly. Theoretically, they are going to say, no, we shouldn't bring this to trial as soon as that's turned over to them. Presumably, that is turned over to them. It's a practical matter that it's turned over to them beforehand. As a matter of Illinois law, they have to receive that. In this trial, that does violate the constitutional rights, the federal constitutional rights, because the reason he's going to trial and the reason that there is a trial at all. There wouldn't have to be a trial. Illinois law might be that there isn't a trial, period. There isn't going to be a trial. If you had no trial, then you can't have a federal constitutional violation. They are inextricably linked. My time is up unless you want to continue with this discussion. Thank you, Mr. Cameron. Thank you to all counsel. The case is taken under advisement. Court is in recess. Thank you.